UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MARLON STAFFORD BENJAMIN,
          *Defendant-Appellant.*

No. 01-4671

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-125)

Submitted: March 21, 2002

Decided: March 29, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Marlon Stafford Benjamin appeals his conviction after a conditional plea of guilty to possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2001), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000). Benjamin challenges the denial of his motion to suppress evidence obtained during the allegedly illegal investigatory stop of his vehicle. We affirm.

Benjamin contends that the information provided to the officers was not sufficiently reliable to provide reasonable suspicion to support the stop of his vehicle. We disagree. Although an anonymous tip, by itself, is not sufficient to form the basis for an investigative stop under *Terry v. Ohio*, 392 U.S. 1 (1968), "there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make an investigatory stop." *Florida v. J.L.*, 529 U.S. 266, 270 (2000) (citing *Alabama v. White*, 496 U.S. 325 (1990)).

Here, in addition to the anonymous tip, the officers had information which had been provided by Benjamin's girlfriend, Ms. Walker. Benjamin argues that her statement was not reliable because she provided the information out of anger or to get revenge on Benjamin. However, some of the information provided by Ms. Walker was consistent with the officer's knowledge. Also, because Ms. Walker provided the information in person, the officer had the opportunity to judge her credibility, and Ms. Walker could have been held accountable if she had made false accusations to the officer. As in *United States v. Christmas*, 222 F.3d 141 (4th Cir. 2000), *cert. denied*, 531 U.S. 1098 (2001), we find that "these factors make the information provided in this case more trustworthy and reliable than the anonymous tip at

issue in *J.L.*" *Id.* at 144; *see United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991) (holding that "face-to-face informant must, as a general matter, be thought more reliable than an anonymous telephone tipster"); *United States v. Gorin*, 564 F.2d 159, 160-61 (4th Cir. 1977) (same).

We find no error by the district court in finding that, based on the two tips provided to officers—corroborated as they were by each other and by the officers' independent knowledge and further corroboration—there was sufficient articulable suspicion to stop Benjamin's vehicle. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992) (providing standard). Accordingly, we affirm the district court's order denying Benjamin's motion to suppress evidence seized as a result of the investigatory stop. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*